JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS–44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

MANUEL CANDANOZA

## DEFENDANTS

MISSOURI PACIFIC RAILROAD COMPANY

B-01-029

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Cameron
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

United States District Court
Southern District of Texas
FILED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Douglas M. McMaster
Post Office Box 531766
Harlingen, Texas 78553
(956) 440-8080

FEB 2 0 2001

Michael N. Milby
Clerk of Court

ATTORNEYS (IF KNOWN)
Jaime A. Saenz/R. Patrick Rodriguez
Rodriguez, Colvin & Chaney, LLP
Post Office Box 2155
Brownsville, Texas 78522 (956) 542-7441

## II. BASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES   (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                                           AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original
Proceeding

☒ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## V. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | ☐ 370 Other Fraud | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 371 Truth in Lending | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 380 Other Personal | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 385 Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | Product Liability | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting | | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | **FEDERAL TAX SUITS** | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee Determination |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **HABEAS CORPUS:** | | or Defendant) | Under Equal Access to Justice |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS — Third Party | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | 26 USC 7609 | State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | Security Act | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Diversity jurisdiction 28 USC 1332; civil action for damages allegedly sustained by plaintiff
in automobile-train accident

## VII. REQUESTED IN
COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ YES   ☐ NO

## VIII. RELATED CASE(S)   (See instructions):
IF ANY

JUDGE _____

DOCKET NUMBER _____

DATE
2/20/01

SIGNATURE OF ATTORNEY OF RECORD
Jaime A Saenz
w/ permission
McBattsell

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

United States District Court
Southern District of Texas
FILED

FEB 2 0 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MANUEL CANDANOZA        *
                        *
VS.                     *        CIVIL ACTION NO. ___**B-01-029**
                        *
MISSOURI PACIFIC RAILROAD *
COMPANY                 *

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW UNION PACIFIC RAILROAD COMPANY, improperly named as MISSOURI PACIFIC RAILROAD COMPANY in Plaintiff's Original Petition, Defendant in the above entitled and numbered cause, and files this its Notice of Removal of the present cause from the 107th Judicial District Court of Cameron County, Texas, in which it is now pending, to the United States District Court for the Southern District of Texas, Brownsville Division, showing the Court as follows:

1.      This cause was commenced in the 107th Judicial District Court, Cameron County, Texas on February 2, 2001, when Plaintiff's Original Petition was filed in Cause Number 2001- 02-596-A, naming Union Pacific Railroad Company as defendant. A copy of Plaintiff's Original Petition is attached hereto and incorporated herein for all purposes to this Notice of Removal.

2.      Defendant Union Pacific Railroad Company was served with a copy of Plaintiff's Original Petition on February 14, 2001.

3.      This is a civil action for damages and injuries allegedly sustained by Plaintiff as a result of an automobile-train accident on or about February 2, 1999, in Cameron County, Texas. Plaintiff alleges a cause of action for negligence against Defendant.

4.      Plaintiff alleges in Plaintiff's Original Petition that he is a resident of Cameron County, Texas. It must therefore be assumed that Plaintiff is a citizen of Texas.

5.     Defendant Union Pacific Railroad Company is a corporation, duly incorporated under the laws of the State of Delaware, with its principal place of business in Omaha, Nebraska.

6.     For the purposes of federal removal jurisdiction pursuant to 28 U.S.C. §1441, complete diversity of citizenship exists between the adverse parties in the present cause.

7.     Upon filing of this Notice of Removal of this cause, written notice of the filing by petitioner to Plaintiff and his counsel has been provided as required by law. A copy of this notice is also being filed with the Clerk of the State Court in which this cause was originally filed.

8.     Defendant would further show the Court that while Plaintiff has not set forth a specific amount of damages which he is seeking in Plaintiff's Original Petition, based on the injuries and damages alleged in Plaintiff's pleadings, Plaintiff is seeking to recover from Defendant damages in excess of $75,000.

9.     This Notice of Removal is timely filed in accordance with 28 U.S.C. §1446(b), in that it is filed within thirty (30) days of the date of service of Plaintiff's Original Petition upon Defendant and within one year of the initial filing of the lawsuit.

10.    Defendant hereby requests a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Petitioner prays for removal of the above entitled and numbered cause from the 107th Judicial District Court of Cameron County, Texas to this Honorable Court.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
          Jaime A. Saenz
     State Bar No. 17514859
     Federal Admissions No. 7630

R. Patrick Rodriguez
State Bar No. 24002861
Federal Admissions No. 22949
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
UNION PACIFIC RAILROAD COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Notice of Removal was served
upon all counsel of record, to-wit:

Douglas M. McMaster
Post Office Box 531766
Harlingen, Texas 78553
Attorneys for Plaintiff

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission
pursuant to the Federal Rules of Civil Procedure, on this the 20 day of February, 2001.

_____
Jaime A. Saenz

RUN DATE  02/20/01
RUN TIME  8:42 AM

MANUEL CANDANOZA

VS

MISSOURI PACIFIC RAILROAD COMPANY

*   *   *   C L E R K ' S   E N T R

00380401
HON. DOUGLAS M. MCMASTER
P.O. BOX 531766
HARLINGEN, TX                    7855

00001405
HON. JAIME A. SAENZ
P.O. BOX 2155
BROWNSVILLE  TX.                 7852

CVISPDF - www.fastio.com

CAUSE NO. 2001-02-596-A

FILED 4:05 O'CLOCK P M
AURORA DE LA GARZA DIST. CLERK

FEB 0 2 2001

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DAHLILA AHUMADA DEPUTY

| | | |
|---|---|---|
| MANUEL CANDANOZA | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| | § | |
| vs | § | 107th JUDICIAL DISTRICT |
| | § | |
| | § | |
| MISSOURI PACIFIC RAILROAD | § | |
| COMPANY | § | |
| Defendant | § | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

Now comes Manuel Candanoza, as Plaintiff, complaining of Missouri Pacific Railroad Company Defendant, and for cause of action would show the Court as follows:

### JURISDICTION AND VENUE

This court has jurisdiction and venue is proper in Cameron County in Accordance with the Texas Civil Practice and Remedies Code.

### PARTIES AND SERVICE

Plaintiff, Manuel Candanoza is an individual who resides in Cameron County, Texas.

Defendant, Missouri Pacific Railroad Company is a corporation authorized to do business in the State of Texas and may be served with citation by serving its registered agent Merrick Walton for service of process, United States Certified Mail return receipt Requested, at the following address:

808 Travis Suite 620, Houston Texas, 77002

Service is requested on this defendant.

## FACTS

On or about February 2, 1999 a train owned and operated by Defendant Missouri Pacific Railroad Company collided with a passenger automobile operated by Plaintiff Manuel Candanoza at a railroad crossing, managed and maintained by Defendant Missouri Pacific Railroad Company located at FM 732, RR X # 432 665, San Benito, Cameron County, Texas.

Defendant Missouri Pacific Railroad Company is directly and proximately responsible for the damages and injuries caused as a result of this collision for it failed to properly maintain the crossing in question, failed to warn Plaintiff of oncoming train, failed to provide proper safety equipment at the crossing in question, failed to provide alternative safety measures on the date in question while knowing that the crossing did not possess proper safety equipment, failed to properly maintain the train's equipment, failed to properly train its employee who operated the train in question; Defendant's employee failed maintain a proper lookout, failed to maintain speed and failed to operate train in a safe manner.

Defendant Missouri Pacific Railroad Company is responsible for any negligent acts of it's employee operator because the operator was acting within the course and scope of his employment at the time of the collision.

This negligence directly and proximately caused a collision in which Plaintiff Manuel Candanoza sustained personal injuries and damages.

The amount of damages to Plaintiff at the time of the filing

of this Petition is within the jurisdictional limits of this Court.

As a proximate result of the occurrence in question and the injuries sustained, Plaintiff **Manuel Candanoza** has sustained physical pain in the past and will sustain in the future, mental anguish in the past and will sustain in the future, loss of physical ability in the past and will sustain in the future, diminished capacity to work and earn money in the past and future, lost wages, and health care expenses in the past and future.

Plaintiff also sustained property damage.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer and that upon final hearing, Plaintiff recovers judgment against the Defendant for his damages as may appear at trial hereof, prejudgment and postjudgment interest, punitive damages, costs of court, and such other relief to which Plaintiff may be entitled.

RESPECTFULLY SUBMITTED,

DOUGLAS McMASTER
ATTORNEY AT LAW
P.O. BOX 531766
Harlingen, Texas 78553
(956) 440-8080 Telephone
(956) 440-7788 Facsimile
STATE BAR # 13786

By: _____
DOUGLAS M. McMASTER
State Bar No.531766
Attorney for Plaintiff
MANUEL CANDANOZA

Citation for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # 5.002.01

No. 2001-02-000596-A

**COPY**

T H E   S T A T E   O F   T E X A S

    NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

UPRR
Houston
Law Department

FEB 1 4 2001

**RECEIVED**

TO: MISSOURI PACIFIC RAILROAD COMPANY
    BY SERVING IT'S REGISTERED
    AGENT: MARRICK WALTON
    800 TRAVIS SUITE 620
    HOUSTON, TEXAS 77002

the _____DEFENDANT_____, GREETING:

    You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____PETITION_____ was filed on FEBRUARY 02, 2001 .  A copy of same accompanies this citation.

The file number of said suit being No. 2001-02-000596-A.

The style of the case is:

MANUEL CANDANOZA
VS.
MISSOURI PACIFIC RAILROAD COMPANY

Said petition was filed in said court by _____HON. DOUGLAS M. MCMASTER_____ (Attorney for _____PLAINTIFF_____), whose address is P.O. BOX 531766 HARLINGEN, TX  78553                                        .

    The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

    **The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.**

    Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 5th day of FEBRUARY , A.D. 2001.

CERTIFICATE OF DELIVERY OF MAIL

| ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE | I hereby certify that on the __5th__ of |

**ATTACH RETURN RECEIPTS WITH**
**ADDRESSEE'S SIGNATURE**

Rule 106 (a)(2): The citation
shall be served by mailing to
the defendant by Certified Mail,
Return Receipt Requested, a true
copy of the citation.

Sec. 17.027, Rules of Civil
Practice and Remedies Code, if
not prepared by Clerk of Court.

NAME OF PREPARER        TITLE

ADDRESS

CITY        STATE        ZIP

I hereby certify that on the __5th__ of

__FEBRUARY__  __2001__,  I mailed to

__MISSOURI PACIFIC RAILROAD COMPANY__

by registered mail or certified mail, with
delivery restricted to addressee only,
return receipt requested, a true copy of
this citation with a copy of the petition
attached hereto.

CERTIFIED MAIL NO.  ___1700898551___
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

By ___AURORA DE LA GARZA___, District Clerk
Cameron County, Texas

By _____, Deputy

CAUSE NO. 2001-02-596-A

| | | |
|---|---|---|
| MANUEL CANDANOZA | * | IN THE DISTRICT COURT |
| | * | |
| VS. | * | CAMERON COUNTY, TEXAS |
| | * | |
| MISSOURI PACIFIC RAILROAD | * | |
| COMPANY | * | 107th JUDICIAL DISTRICT |

## DEFENDANT UNION PACIFIC RAILROAD COMPANY'S ORIGINAL ANSWER AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW UNION PACIFIC RAILROAD COMPANY, improperly named as MISSOURI PACIFIC RAILROAD COMPANY in Plaintiff's Original Petition, Defendant in the above entitled and numbered cause, and files this its Original Answer and Jury Demand in response to Plaintiff's Original Petition, and in support thereof, would show the Court as follows:

### I.

### GENERAL DENIAL

Defendant Union Pacific Railroad Company, improperly named as Missouri Pacific Railroad Company in Plaintiff's Original Petition, herein avails itself of the opportunity provided by Rule 92 of the Texas Rules of Civil Procedure to file a general denial herein; and in compliance with said Rule, Defendant denies each and every, all and singular, the material allegations contained in Plaintiff's pending pleading, and states that these are matters that should be proven by Plaintiff as required by law; and Defendant would require strict proof thereof.

### II.

### AFFIRMATIVE DEFENSES

2.01   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff's claims are barred, in whole or in part, due to the contributory negligence of Plaintiff in that he failed to exercise ordinary care, caution and prudence to avoid the accident. Plaintiff's acts and omissions, whether

taken together or separately, proximately caused the injuries and damages to Plaintiff which are alleged in Plaintiff's petition.

.2.02  For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff's claims are barred, in whole or in part, due to the negligence of Plaintiff in that he failed to exercise ordinary care, caution and prudence to avoid the accident.  Defendant would show that at the time of the incident in question, Manuel Candanoza, the driver of the vehicle in question, was negligent per se under V.T.C.A., Transportation Code §545.251 and §545.252 and other statutes.   Plaintiff's acts and omissions, whether taken together or separately, proximately caused the injuries and damages to Plaintiff which are alleged in Plaintiff's petition.

2.03  For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that if Plaintiff was injured as alleged, which is not admitted but is expressly denied, such injuries were the result of an unavoidable accident.  Defendant would show Plaintiff's alleged injuries and damages, if any, were caused solely as a result of an unavoidable accident which could have not been prevented by Defendant despite the exercise of all due care and caution by Defendant, and were not caused by any alleged defective condition and/or of any acts of omission or commission by Defendant.

2.04  For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the act or omission of a person other than Defendant was the sole proximate cause of the accident in question.

2.05  For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the acts or omissions of Plaintiff or other third parties were the sole proximate cause or a new and independent cause of the accident and injuries complained of in this lawsuit.

2.06   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that if Plaintiff was injured as alleged, which is not admitted but is expressly denied, such injuries were caused or contributed to, in whole or in part, by a party for whom Defendant is not responsible.

2.07   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the damages in this case, if any, were proximately caused by the negligence of third parties and any recovery should be barred or diminished under the applicable provisions of the law.

2.08   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that pursuant to the Federal Railroad Safety Act of 1970 (45 U.S.C. §421, et seq.) and the Federal Highway Safety Act of 1970 (23 U.S.C. §401 et seq.) and more specifically 23 U.S.C. §409 and the federal laws, rules, regulations, orders and standards enacted pursuant to these Acts, that federal law delegates to the public agency having jurisdictional authorization, and not to the railroad, the responsibility and the authority for determining the need for and the selection of railroad highway grade crossings, crossing signals, and classification of crossings.

2.09   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that pursuant to 49 U.S.C. §240, et seq. and the federal laws, rules, regulations, orders and standards enacted pursuant to this Act, that federal law sets forth and regulates the required safety requirements for the eligibility, training, testing, certification, and monitoring of all locomotive engineers.

2.10   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

2.11   For further answer, if such be necessary, and pleading in the alternative, Defendant further invokes the provisions of §33.001 of the Texas Civil Practice &

Remedies Code.  In this case, Defendant alleges that the negligence of Plaintiff is fifty-one percent (51%) or greater, and therefore, no damages may be recovered from Defendant.

2.12   For further answer, if such be necessary, and pleading in the alternative, Defendant further invokes the provisions of §33.013 of the Texas Civil Practices & Remedies Code in the unlikely event that liability is established by Plaintiff in this cause.

2.13   For further answer, if such be necessary, and pleading in the alternative, Defendant further specifically denies that it is liable for prejudgment interest in this cause of action as pled by Plaintiff.

2.14   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate the effect of his alleged injuries and damages as required by law.

2.15   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively denies that it is liable for exemplary damages and relies on the provisions of Chapter 41, of the Texas Civil Practices & Remedies Code, including the provisions on applicability, standards for recovery, preclusions, prejudgment interest, and limitations on amount.

2.16   For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that, with regards to any claims against Defendants for gross negligence, the legal and factual elements necessary to impute any gross negligence to Defendants do not exist.

2.17   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively denies that it is liable for exemplary damages for the reason that Plaintiff has failed to produce any evidence that it should be held liable for exemplary damages for the acts of its agents as set forth in *Purvis v. Prattco, Inc.*, 595 S.W.2d 103 (Tex. 1980).

2.18   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively states that an award of punitive damages in this case would violate the procedural due process guaranteed by the Constitution of the United States. Texas Law is vague and standardless as to whether and how much to punish a defendant, and is likely to produce arbitrary and capricious results. Therefore, any award of punitive damages should be disallowed, or declared null and void.

2.19   For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that Plaintiff is not entitled to exemplary or punitive damages as alleged, for the reason that exemplary damages are unconstitutional and violative of the provisions of the United States Constitution and the Texas Constitution, including but not limited to the following provisions:

(a)   Proscription on excessive fines. U. S. Constitution Amendment 8; Texas Constitution Article I, Section 13.

(b)   Requirements of Due Process. U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 13 and 19.

(c)   Requirement of Equal Protection Under the Law. U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 3 and 3a.

(d)   Proscription on Ex Post Facto and Retroactive Law. U. S. Constitution Article I, Section 10; Texas Constitution Article I, Section 16.

(e)   Such punitive damages are penal in nature. Under Texas law, they are not tied to any fair, just, and reasonable relation to actual damages. Consequently, exemplary damages violate the contract clause of the U. S. Constitution, U. S. Constitution Article I, Section 10.

III.

JURY DEMAND

Defendant hereby requests a trial by jury and tenders the jury fee herewith.

WHEREFORE, Defendant Union Pacific Railroad Company prays that upon final trial and hearing hereof, it have judgment in accordance with the law and facts as found

by this Honorable Court and Jury, and for such other and further relief, legal or equitable, general or special, to which it may show itself justly entitled to receive.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____

    Jaime A. Saenz
State Bar No. 17514859
    R. Patrick Rodriguez
State Bar No. 24002861
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
UNION PACIFIC RAILROAD COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant Union Pacific Railroad Company's Original Answer and Jury Demand was served upon all counsel of record, to-wit:

> Douglas M. McMaster
> Post Office Box 531766
> Harlingen, Texas 78553
> Attorneys for Plaintiff

by certified mail, return receipt requested, facsimile transmission, and/or hand delivery, pursuant to the Texas Rules of Civil Procedure on this the _20_ day of February, 2001.

_____
Jaime A. Saenz

# CAUSE NO. 2001-02-596-A

| | | |
|---|---|---|
| MANUEL CANDANOZA | * | IN THE DISTRICT COURT |
| | * | |
| VS. | * | CAMERON COUNTY, TEXAS |
| | * | |
| MISSOURI PACIFIC RAILROAD | * | |
| COMPANY | * | 107th JUDICIAL DISTRICT |

## NOTICE TO THE DISTRICT CLERK
## OF FILING OF NOTICE OF REMOVAL

TO:  HONORABLE AURORA DE LA GARZA
Cameron County District Clerk
Cameron County Courthouse
974 East Harrison
Brownsville, Texas 78520

You will please take notice that Defendant Union Pacific Railroad Company has filed in the United States District Court for the Southern District of Texas, Brownsville Division, a notice of removal of the cause styled:  Manuel Candanoza v. Missouri Pacific Railroad Company, originally filed in the 107th Judicial District Court of Cameron County, Texas, Cause Number 2001-02-596-A, to the United States District Court for the Southern District of Texas, Brownsville Division, and that a true and correct copy of said Notice of Removal is being filed with the Clerk of the 107th Judicial District Court to thereby effect a removal to said District Court of the United States, and that the State Court shall proceed no further, unless the cause is remanded.  A copy of said notice of removal is attached to this notice.

WITNESS the signature of Defendant, through its attorney, on this the _20th_ day of February, 2001.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
       Jaime A. Saenz
State Bar No. 17514859
      R. Patrick Rodriguez
State Bar No. 24002861
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
UNION PACIFIC RAILROAD COMPANY


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Notice to District Clerk of Filing of

Notice of Removal was served upon all counsel of record, to-wit:

        Douglas M. McMaster
        Post Office Box 531766
        Harlingen, Texas 78553
        Attorneys for Plaintiff

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission

pursuant to the Texas Rules of Civil Procedure, on this the _20th_ day of February, 2001.


_____
      Jaime A. Saenz

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MANUEL CANDANOZA     *
           *
VS.          *    CIVIL ACTION NO. B - 0 1 - 0 2 9
           *
MISSOURI PACIFIC RAILROAD   *
COMPANY        *

## NOTICE TO THE PLAINTIFF OF FILING
## OF NOTICE OF REMOVAL

TO:   Plaintiff, by and through his attorneys:
    Douglas M. McMaster
    Post Office Box 531766
    Harlingen, Texas 78553

    PURSUANT to Title 28 U.S.C., Section 1446(d), as amended, you are hereby notified that on the 20th day of February, 2001, in the above styled and numbered cause (being Cause Number 2001-02-596-A in the 107th Judicial District Court of Cameron County, Texas), UNION PACIFIC RAILROAD COMPANY filed its Notice of Removal in the United States District Court for the Southern District of Texas, Brownsville Division. Copies of such Notice and other papers so filed are attached hereto.

         Respectfully submitted,

         RODRIGUEZ, COLVIN & CHANEY, L.L.P.

         By: _____
           Jaime A. Saenz   w/ permission
                 McBride
         State Bar No. 17514859
         Federal Admissions No. 7630
           R. Patrick Rodriguez
         State Bar No. 24002861
         Federal Admissions No. 22949
         1201 East Van Buren
         Post Office Box 2155
         Brownsville, Texas 78522
         (956) 542-7441
         Fax (956) 541-2170

         ATTORNEYS FOR DEFENDANT,
         UNION PACIFIC RAILROAD COMPANY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MANUEL CANDANOZA                    *
                                    *
VS.                                 *        CIVIL ACTION NO. B-01-029
                                    *
MISSOURI PACIFIC RAILROAD           *
COMPANY                             *

## INDEX OF ATTORNEYS

1.    Douglas M. McMaster.
      State Bar No. 13786020
      322 East Harrison
      Post Office Box 531766
      Harlingen, Texas 78553
      (956) 440-8080
      (956) 440-7788 – fax
      Attorneys for Plaintiffs

2.    Jaime A. Saenz
      State Bar No. 17514859
      Federal Admissions No. 7630
      R. Patrick Rodriguez
      State Bar No. 24002861
      Federal Admissions No. 22949
      Rodriguez, Colvin & Chaney, L.L.P.
      1201 East Van Buren
      Post Office Box 2155
      Brownsville, Texas 78522
      (956) 542-7441
      (956) 541-2170 – fax
      Attorneys for Defendant Union Pacific Railroad Company

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MANUEL CANDANOZA                  *
                                  *
VS.                               *          CIVIL ACTION NO. B ‑ 0 1 ‑ 0 2 9
                                  *
MISSOURI PACIFIC RAILROAD         *
COMPANY                           *

## INDEX OF DOCUMENTS FILED

1.    Civil Cover Sheet

2.    Notice of Removal with following attachments:

      a.    State Court's Docket Sheet
      b.    Plaintiff's Original Petition
      c.    Citation served on Union Pacific Railroad Company
      d.    Defendant Union Pacific Railroad Company's Original Answer and Jury
          Demand

3.    Notice to Plaintiff of Filing of Notice of Removal

4.    Notice to District Clerk of Filing of Notice of Removal

5.    Index of Attorneys

6.    Index of Documents Filed

7.    Order for Conference and Disclosure of Interested Parties