6

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 0 9 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MANUEL CANDANOZA | * | |
| | * | |
| VS. | * | **CIVIL ACTION NO. B-01-029** |
| | * | |
| MISSOURI PACIFIC RAILROAD | * | |
| COMPANY | * | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

1.  State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

    The parties have not yet met and conferred as required by Rule 26(f). Counsel for Defendant placed repeated phone calls to Plaintiff's counsel in an attempt to satisfy the Rule 26(f) requirement. Unfortunately, Plaintiff's counsel did not return any of these phone calls. In addition, Defendant's counsel provided Plaintiff's counsel with a copy of the Joint Discovery/Case Management Plan with Defendant's proposed responses. Despite receiving the document, Plaintiff's counsel has not responded to Defendant's counsel. The parties, therefore, have not conferred regarding this Joint Discovery/Case Management Plan. Out of an abundance of caution, however, Defendant files this Joint Discovery/Case Management Plan in order to apprise the Court of its responses to the inquiries set forth therein.

    As soon as Defendant's counsel is able to make contact with Plaintiff's counsel, Defendant will agree to Amend this Joint Discovery/Case Management plan.

2.  List the cases related to this one that are pending in any state or federal court with the case number and court.

None.

3.    Specify the allegation of federal jurisdiction.
      Plaintiff's response:

      Defendant's response:
      Plaintiff Manuel Candanoza, alleges in Plaintiff's Original Petition that he

      is a resident of Cameron County, Texas.  It must therefore be assumed that

      Plaintiff is a citizen of Texas.  Defendant Union Pacific Railroad Company

      is a corporation, duly incorporated under the laws of the State of Delaware,

      with its principal place of business in Omaha, Nebraska, and this case

      involves an amount in controversy in excess of $75,000.  Thus, there is

      diversity jurisdiction under 28 U.S.C. § 1332.

4.    Name the parties who disagree and the reasons.

      Plaintiff's response:
      Defendant's response:  None.

5.    List anticipated additional parties that should be included, when they can be
      added, and by whom they are wanted.

      Plaintiff's response:
      Defendant's response:  None anticipated at this time.

6.    List anticipated interventions.

      Plaintiff's response:
      Defendant's response:  None anticipated at this time.

7.    Describe class-action issues.

      Plaintiff's response:
      Defendant's response:  None.

2

8.     State whether each party represents that it has made the initial disclosures required by Rule 26(a).  If not, describe the arrangements that have been made  to complete the disclosures.

Plaintiff's response:

Defendant's response: Defendant will provided Rule 26(a) disclosures to Plaintiff within two weeks of the filing of this Case Management Plan.

9.     Describe the proposed agreed discovery plan, including:

A.     Responses to all the matters raised in Rule 26(f).

Plaintiff's response:

Defendant's Response:

1.     Defendant submits that it will provide Rule 26(a) disclosures to Plaintiff within two weeks of the filing of this Case Management Plan.

2.     Defendant submits that discovery will be needed to determine the reason that Plaintiff did not yield the right of way to the train on the date of the occurrence. Discovery will also be and to identify potential witnesses to the collision.
Defendant submits that discovery should be completed by January 23, 2002.  Defendant does not believe that discovery should be conducted in phases.  Defendant does, however, believe that discovery should be limited to the facts and circumstances surrounding this incident, and that discovery of any other incidents or accidents is neither relevant nor necessary.

3.     Defendant believes that the only change that should be made in the limitation on discovery imposed under these rules or by local rules is that discovery should be limited to the facts and circumstances surrounding this

3

incident, and that discovery of any other incidents or accidents is neither relevant nor necessary.

4.      Proposed Scheduling Order

Defendant submits the following proposed scheduling order:
a.  Discovery Deadline:  **January 23, 2002**;
b.  Plaintiff's Expert Designation Deadline October 23, 2001;
c.  Defendant's Expert Designation Deadline:   November 23, 2001;
d.  Dispositive Motions Deadline: February 23, 2001; and
e.  Jury Selection Date: according to Court's schedule.

B.      When and to whom the plaintiff anticipates it may send interrogatories.

Plaintiff's response:

C.      When and to whom the defendants anticipate they may send interrogatories.

Defendant's Response: Defendant anticipates sending interrogatories to Plaintiff within one month after the Initial Pretrial Conference.

D.      Of whom and by when the plaintiff anticipates taking oral depositions.

Plaintiff's response:

E.      Of whom and by when the defendant anticipates taking oral depositions.

Defendant's response:  Defendant anticipates taking the depositions of the following individuals within the next three months:

    i)      Manuel Candanoza

    ii)     Rolando Ramirez

4

CNMPDF - www.fastio.com

iii)   Arturo Hernandez Herrera

iv)   Roberto Garcia

v)   Maria Luisa Cantu

vi)   Officer Carlos Martinez

F.   When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

Plaintiff's response:

Defendant's response: November 23, 2001.

G.   List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(b) (expert report).

Plaintiff's response:

H.   List expert depositions the opposing party anticipates taking and their anticipated completion date.

Defendant's response:
Defendant anticipates taking the deposition of any expert Plaintiff designates.  Defendant anticipates a completion date of January 23, 2002.

10.   If the parties are not agreed on a part of the discovery plan, describe the separate views and proposal of each party.

Defendant is not aware of any disagreement at this time.

5

11.  Specify the discovery beyond initial disclosures that has been undertaken to date.
     Plaintiff's response:

     Defendant's response:  None.

12.  State the date the planned discovery can reasonably be completed

     Plaintiff's response:

     Defendant's response: January 23, 2002.

13.  Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

     Plaintiff's response:

     Defendant's response: As noted above, the parties have not, thus far, met to confer as required by Rule 26(f).

14.  Describe what each party has done or agreed to do to bring about a prompt resolution.
     Plaintiff's response:

     Defendant's Response: Defendant is willing to engage in settlement discussions with Plaintiff.

15.  From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

     Plaintiff's response:

Defendant's response: Defendant believes that mediation conducted by an experienced mediator could be helpful after discovery has concluded. Defendant is prepared to work with Plaintiff's counsel to agree upon a mediator.

16. Magistrate judges may now hear jury and non-jury trials.  Indicate the parties' joint position on a trial before a magistrate judge.

Plaintiff's response:

Defendant's response: Defendant will agree to trial before the Magistrate Judge.

17. State whether a jury demand has been made and if it was made on time.

Defendant states that a timely jury trial demand was made.

18. Specify the number of hours it will take to present the evidence in this case.

Plaintiff's response:

Defendant's response: While it is difficult to determine prior to discovery, Defendant believes that the evidence in this case could be concluded in three days, or sixteen hours.

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

Plaintiff's response:

Defendant's response: none.

20. List other motions pending.

CVisPDF - www.Vevios.com

Defendant's response: Defendant believes that mediation conducted by an experienced mediator could be helpful after discovery has concluded. Defendant is prepared to work with Plaintiff's counsel to agree upon a mediator.

16.   Magistrate judges may now hear jury and non-jury trials.   Indicate the parties' joint position on a trial before a magistrate judge.

Plaintiff's response:

Defendant's response: Defendant will agree to trial before the Magistrate Judge.

17.   State whether a jury demand has been made and if it was made on time.

Defendant states that a timely jury trial demand was made.

18.   Specify the number of hours it will take to present the evidence in this case.

Plaintiff's response:

Defendant's response: While it is difficult to determine prior to discovery, Defendant believes that the evidence in this case could be concluded in three days, or sixteen hours.

19.   List pending motions that could be ruled on at the initial pretrial and scheduling conference.

Plaintiff's response:

Defendant's response: none.

20.   List other motions pending.

Plaintiff's response:

Defendant's response: none pending.

21.   Indicate other matters peculiar to this case, including discovery that deserve
      the special attention of the court at the conference.

      Plaintiff's response:
      Defendant's response: None.

22.   List the names, bar numbers, addresses and telephone numbers of all counsel.

      1.    Douglas M. McMaster
            State Bar No. 13786020
            322 East Harrison
            Post Office Box 531766
            Harlingen, Texas 78553
            (956) 440-8080
            (956) 440-7788 – fax
            Attorney for Plaintiff

      2.    Jaime A. Saenz
            attorney-in-charge
            State Bar No. 17514859
            Federal Admissions No. 7630
            R. Patrick Rodriguez
            State Bar No. 24002861
            Federal Admissions No. 22949
            Rodriguez, Colvin & Chaney, L.L.P.
            1201 East Van Buren
            Post Office Box 2155
            Brownsville, Texas 78522
            (956) 542-7441
            (956) 541-2170 – fax
            Attorneys for Defendant Union Pacific Railroad

Dated:  May 9, 2001

8

Respectfully submitted,

Jaime A. Saenz
attorney-in-charge
State Bar No. 17514859
Federal Admissions No. 7630
R. Patrick Rodriguez
State Bar No. 24002861
Federal Admissions No. 22949
Rodriguez, Colvin & Chaney, L.L.P.
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
(956) 541-2170 – fax
Attorneys for Defendant
Union Pacific Railroad

9

CMPDF - www.fastio.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of document was served upon all counsel of record, to-wit:

> Douglas M. McMaster
> Post Office Box 531766
> Harlingen, Texas 78553
> Attorneys for Plaintiff

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 9th day of May, 2001.

_____
Jaime A. Saenz