*15*

United States District Court
Southern District of Texas
FILED

FEB 2 5 2002

Michael N. Milby
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MANUEL CANDANOZA | * | |
| | * | |
| VS. | * | CIVIL ACTION NO.  B-01-029 |
| | * | |
| MISSOURI PACIFIC RAILROAD | * | |
| COMPANY | * | |

## JOINT PRE-TRIAL ORDER

## 1.     APPEARANCE OF COUNSEL

### PLAINTIFF:

Manuel Candanoza

### PLAINTIFF'S COUNSEL:

Douglas M. McMaster
State Bar No. 137860
Post Office Box 531766
Harlingen, Texas 78553
(956) 440-8080

### DEFENDANT:

UNION PACIFIC RAILROAD COMPANY

DEFENDANT'S COUNSEL:

Jaime A. Saenz
R. Patrick Rodriguez
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
P.O. Box 2155
Brownsville, Texas 78522
Telephone: (956) 542-7441
Fax: (956) 541-2170


## 2.    STATEMENT OF THE CASE

**Plaintiff:**

**Defendant:**

This is a lawsuit that arises out of a train/vehicle accident that occurred on

February 2, 1999 at the intersection of Farm to Market road 732 and the UNION

PACIFIC RAILROAD COMPANY'S tracks located southeast of San Benito, Texas.  On

that date, a 1985 Toyota Corolla collided with Defendant's northbound train, which

consisted of 1 locomotive and 10 empty cars.  The accident occurred at approximately

2:15 P.M.  The crew for UNION PACIFIC RAILROAD COMPANY consisted of

engineer, Walter J. Lee, conductor, Stephen Shaddock, and brakeman, James Bradely.

Plaintiff, Manuel Candanoza was the driver, and sole occupant of the automobile.

Plaintiff received non-fatal injuries and was transported to Valley Baptist Medical Center

for treatment.

Plaintiff filed this lawsuit alleging negligence against UNION PACIFIC RAILROAD COMPANY for personal injury and exemplary damages. Defendant UNION PACIFIC RAILROAD COMPANY contends that Plaintiff was negligent in failing to stop for the train, in failing to heed the warning signals at the grade crossing and in failing to heed the locomotive's warning horn. Defendant UNION PACIFIC RAILROAD COMPANY also asserts that Plaintiff was negligent per se in failing to yield the right-of-way to the train pursuant to TEX. TRANSP. CODE ANN. §545.251.

## 3.  JURISDICTION:

**Plaintiff:**

**Defendant:**
This Court has jurisdiction over the parties and subject matter of this suit pursuant to 28 U.S.C. §1332(a).

## 4.  PENDING MOTIONS

**Plaintiff:**

**Defendant:**

1. Defendant's Motions in Limine

2. Defendant's Motion for Partial Summary Judgment

## 5.  CONTENTIONS OF THE PARTIES

### A.  Plaintiffs' Contentions

---

**B.**    <u>Defendant Union Pacific Railroad Company's Contentions:</u>

1.    Defendant UNION PACIFIC RAILROAD COMPANY contends that Plaintiff's injuries were not caused by any negligence on the part of UNION PACIFIC RAILROAD COMPANY or any of its crew members, Walter J. Lee, Stephen Shaddock, or James Bradely.

2.    Defendant UNION PACIFIC RAILROAD COMPANY contends that the accident at issue was caused by the negligence of Plaintiff, Manuel Candanoza.

3.    Defendant UNION PACIFIC RAILROAD COMPANY also asserts that Plaintiff was negligent <u>per se</u> in failing to yield the right-of-way to the train pursuant to TEX. TRANSP. CODE ANN. §545.251.

4.    Defendant UNION PACIFIC RAILROAD COMPANY contends that it did not willfully, wantonly, or with gross negligence injure the Plaintiff Manuel Candanoza.

5.    Defendant UNION PACIFIC RAILROAD COMPANY contends that each of the crew members of the train in question, engineer Walter J. Lee, conductor Stephen Shaddock, and brakeman, James Bradely, were exercising their duties responsibly and were keeping a proper lookout.

6.    Defendant UNION PACIFIC RAILROAD COMPANY contends that as soon as the engineer Walter J. Lee perceived that Plaintiff Manuel Candanoza was not going to stop for the train, but rather was going to proceed onto the tracks in front of the train, he took appropriate measures to stop the train and avoid the collision, but that there was not sufficient time to prevent the impact.

7.    Defendant UNION PACIFIC RAILROAD COMPANY contends that it did not act with malice, and that Plaintiffs should therefore, not be entitled to punitive damages in this case.

8.    Defendant UNION PACIFIC RAILROAD COMPANY contends that the crossing in question was properly maintained.

9.    Defendant UNION PACIFIC RAILROAD COMPANY contends that the mast-mounted flashing warning lights at the crossing were activated and working properly at the time of the collision.

---

10.    Defendant UNION PACIFIC RAILROAD COMPANY contends that its crew was sounding the locomotive's warning horn properly as the train was approaching the crossing in question and up to the point of the collision.

11.    Defendant UNION PACIFIC RAILROAD COMPANY contends that it properly warned Plaintiff of the oncoming train.

12.    Defendant UNION PACIFIC RAILROAD COMPANY contends that it properly maintained the train involved in the collision.

13.    Defendant UNION PACIFIC RAILROAD COMPANY contends that the crew members of the train in question, engineer Walter J. Lee, conductor Stephen Shaddock, and brakeman, James Bradely were properly trained.

14.    Defendant UNION PACIFIC RAILROAD COMPANY contends that train in question's crew members operated the train in a safe manner prior to collision, at the time of the collision, and after the collision.

15.    Defendant UNION PACIFIC RAILROAD COMPANY contends that should any allegations regarding excessive speed be made, that it was traveling within the applicable track speed of 49 mph at the time of the incident.  In addition, Defendant UNION PACIFIC RAILROAD COMPANY contends that any such claims are preempted by Federal Law.

16.    Defendant UNION PACIFIC RAILROAD COMPANY contends that should any allegations regarding either failure to provide adequate warning and/or safety devices and/or equipment at the crossing in question be made, that such claims are preempted and overruled by Federal/State legislation and regulation.

17.    Defendant UNION PACIFIC RAILROAD COMPANY that it was negligent and contends that Plaintiff's alleged injuries and damages were proximately by Plaintiff's acts or omissions in failing to exercise ordinary care, caution and prudence to avoid the incident and injuries at issue.

18.    Defendant UNION PACIFIC RAILROAD COMPANY contends that the accident made the basis of this lawsuit was an unavoidable accident not proximately cause by the negligence of any party to this lawsuit.

19.    Defendant UNION PACIFIC RAILROAD COMPANY contends that the act or omission of a person other than Defendant was the sole proximate cause of the accident in question.

---

20. Defendant UNION PACIFIC RAILROAD COMPANY contends that the acts or omissions of Plaintiff, or other third parties were the sole proximate cause or a new and independent cause of the accident and injuries complained of in this lawsuit.

21. Defendant UNION PACIFIC RAILROAD COMPANY contends that Plaintiff's claims are barred, in whole or in part, because    Plaintiff failed to mitigate the effect of his alleged injuries and damages as required by law.

22. Defendant UNION PACIFIC RAILROAD COMPANY contends that the damages in this case, if any, were proximately caused by the negligence of third parties and any recovery should be barred or diminished under the applicable provisions of the law.

23. Defendant UNION PACIFIC RAILROAD COMPANY contends that the provisions of §33.001 of the Texas Civil Practice & Remedies Code apply to this case, Defendant alleges that the negligence of Plaintiffs is fifty-one percent (51%) or greater, and therefore, no damages may be recovered from Defendants.

24. Defendant UNION PACIFIC RAILROAD COMPANY contends that the provisions of §33.013 of the Texas Civil Practices & Remedies Code in the unlikely event that liability is established by the Plaintiffs in this cause.

25. Defendant UNION PACIFIC RAILROAD COMPANY specifically denies that it is liable for prejudgment interest in this cause of action as pled by Plaintiffs.

26. Defendant UNION PACIFIC RAILROAD COMPANY contends that it is not liable for exemplary damages and plead affirmatively the provisions of Chapter 41, of the Texas Civil Practices & Remedies Code, including the provisions on applicability, standards for recovery, preclusion's, prejudgment interest, and limitations on amount.

27. Defendant UNION PACIFIC RAILROAD COMPANY contends that an award of punitive damages in this case would violate the procedural due process guaranteed by the Constitution of the United States. Texas Law, and the instructions given to the jury, are vague and standardless as to whether and how much to punish Defendant, and is likely to produce arbitrary and capricious results. Therefore, any award of punitive damages should be disallowed, or declared null and void.

28. Defendant UNION PACIFIC RAILROAD COMPANY denies that Plaintiff is entitled to exemplary or punitive damages as alleged, for the reason that exemplary damages are unconstitutional and violative of the provisions of the United States Constitution and the Texas Constitution, including but not limited to the following provisions:

    (a)    <u>Proscription on excessive fines</u>. U. S. Constitution Amendment 8; Texas Constitution Article I, Section 13.

(b) <u>Requirements of Due Process</u>. U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 13 and 19.

(c) <u>Requirement of Equal Protection Under the Law</u>. U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 3 and 3a.

(d) <u>Proscription on Ex Post Facto and Retroactive Law</u>. U. S. Constitution Article I, Section 10; Texas Constitution Article I, Section 16.

(e) Such punitive damages are penal in nature. Under Texas law, they are not tied to any fair, just, and reasonable relation to actual damages. Consequently, exemplary damages violate the contract clause of the U. S. Constitution, U. S. Constitution Article I, Section 10.

29. Defendants contest all of Plaintiff's contentions

## 6.    ADMISSIONS OF FACT

**Plaintiff:**

**Defendant:**

1.   The accident occurred at approximately about 2:15 P.M. on February 2, 1999 at the intersection of Farm to Market road 732 and the tracks owned by Defendant UNION PACIFIC RAILROAD COMPANY.

2.   The Defendant UNION PACIFIC RAILROAD COMPANY'S train was northbound with lead unit, UP-5816, and no loads and ten empty cars at the time of the incident.

3.   Defendant UNION PACIFIC RAILROAD COMPANY'S train crew consisted of engineer, Walter J. Lee who was seated in the engineer seat, brakeman James Bradely who was seated in the brakeman seat of the lead unit, UP-5816, and conductor, Stephen Shaddock who was in an automobile following the train on Highway 77 at the time of the accident.

4.   At the time that the Defendant's crew members could see that the Plaintiff's vehicle was not going to stop for the train but rather was going to proceed onto the tracks in front of the train, there was no way to physically stop the train in time to stop the collision with the Plaintiff's vehicle.

---

7.   **CONTESTED ISSUES OF FACT**

   A. **Plaintiffs' Contested Issues of Fact**


   B.   **Defendant Union Pacific Railroad Company's Contested Issues of Fact**

1.   Whether the actions of the Plaintiff Manuel Candanoza were negligent.
2.   Whether the actions of the Plaintiff Manuel Candanoza were negligent per se pursuant to TEX. TRANSP. CODE ANN. §545.251.
3.   Whether the conduct of UNION PACIFIC RAILROAD COMPANY or any of its crew constituted negligence.
4.   Whether UNION PACIFIC RAILROAD COMPANY or any of its crew members injured the Plaintiff willfully, wantonly, or through gross negligence.
5.   Whether any actions on the part of UNION PACIFIC RAILROAD COMPANY was a proximate cause of the Plaintiff's injuries.
6.   Whether the collision in question was the proximate cause of Plaintiff's sleep apnea.
7.   Whether and to what extent Plaintiff has suffered monetary damages due the collision made the basis of this lawsuit.
8.   Whether and to what extent, if any, punitive damages should be awarded against UNION PACIFIC RAILROAD COMPANY for any alleged gross negligence, if any.
9.   Whether and to what extent, if any, Plaintiff's injuries and damages were proximately caused by his own negligence.
10.   Whether Plaintiff's injuries were proximately caused by an unavoidable accident.


8.   **AGREED PROPOSITIONS OF LAW**

**Plaintiff:**

**Defendant:**   Defendant asserts that Texas  and Federal substantive law applies to this case.


9.   **CONTESTED PROPOSITIONS OF LAW**

   A.   **Plaintiff's Contested Propositions of Law**

---

**B.**     **Defendant Union Pacific Railroad Company's Contested Propositions of Law**

1. Whether the actions of UNION PACIFIC RAILROAD COMPANY and/or its crew members constituted willful, wanton, or gross negligent conduct, if any.

2. Whether Plaintiff's claims of gross negligence are barred as a matter of law because there is no evidence or insufficient evidence of any of the elements of gross negligence to establish such a claim.

3. Whether Plaintiff's claim that UNION PACIFIC RAILROAD COMPANY failed to maintain speed and/or claim of excess speed are preempted under Federal law.

4. Whether Plaintiff's claims that UNION PACIFIC RAILROAD COMPANY (1) failed to provide proper safety equipment at the crossing question, and (2) failed to provide alternative safety measures on the date in question; are preempted under Federal /State law.

5. Whether Plaintiff can be awarded any damages for medical expenses in the absence of any expert testimony that said medical expenses were reasonable and necessary based upon a reasonable degree of medical probability.

**10.**   **EXHIBITS**

    **A.**     **Plaintiffs' Exhibit List**

    **B.**     **Defendant Union Pacific Railroad Company's  Exhibit List**
        Attached hereto as Exhibit "A" is Defendant's Exhibit List.

**11.**   **WITNESSES**

    **A.**     **Plaintiffs' Witness List**

    **B.**     **Defendant Union Pacific Railroad Company's Witness List**
        Attached hereto as Exhibit "B" is Defendant's Witness List.

**12.   SETTLEMENT**
**Plaintiff:**

**Defendant:**   The Parties have yet to meaningfully engage in settlement negotiations.

## 13.   TRIAL

**Plaintiff:**

**Defendant:**   Defendant believes that the probable length of this trial is two to three days after jury selection.

## 14.   ATTACHMENTS

Attached hereto are the following:

**Plaintiff:**

**Defendant:**

1.   Defendant's Exhibit List is attached as Exhibit"A".

2.   Defendant's Witness list is attached as Exhibit "B".

3   Defendant's Proposed Charge, including Instructions, Definitions and Special Interrogatories with Authority, attached hereto as Exhibit "C".

4.   Defendant's Proposed Voir Dire Questions, attached hereto as Exhibit "D".

DATE: _____    _____
                                     UNITED STATES MAGISTRATE JUDGE


**APPROVED:**


DATE: _____    _____
                                     ATTORNEY-IN-CHARGE, PLAINTIFFS


DATE: _____2-25-02_____    _____
                                     ATTORNEY-IN-CHARGE, DEFENDANT

Respectfully submitted by,

Jaime A. Saenz
Attorney-in-charge
Federal I.D. No. 7630
State Bar No. 17514859
R. Patrick Rodriguez
Federal I.D. No.  22949
State Bar No.  24002861
1201 East Van Buren Street
Post Office Box 2155
Brownsville, Texas 78520
Telephone No. (956) 542-7441
Facsimile No. (956) 541-2170

**ATTORNEYS FOR DEFENDANT, UNION
PACIFIC RAILROAD COMPANY**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing was served upon counsel of record, to-wit:

Douglas M. McMaster
State Bar No. 137860
Post Office Box 531766
Harlingen, Texas 78553
(956) 440-8080

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission, pursuant to the Federal Rules of Civil Procedure, on this the 25th day of <u>February</u>, 2002.

R. Patrick Rodriguez

# EXHIBIT "A"

UNITED STATES DISTRICT COURT § SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| MANUEL CANDANOZA, JR. Plaintiff | CASE NO. B-01-029 |
|---|---|
| vs. | **EXHIBIT LIST** |
| MISSOURI PACIFIC RAILROAD. | |
| Judge: Hon Felix Recio | Case Manager:<br>Court Reporter: |
| List of:<br>Defendant, Union Pacific Railroad | Proceeding:  Jury Selection: March 8, 2002 |

| EX | DESCRIPTION | ADM. | EXD. |
|---|---|---|---|
| 1 | Letter dated 02/24/99 from  Darin Kosmak to J.C.Flores, Claims representative for Union Pacific Railroad | | |
| 2 | Summary of Cross Data from Tx.Dept of Transportation -02/17/99 | | |
| 3 | Union Pacific  Accident/Incident Reporting Sytem 2/10/99 | | |
| 4. | Union Pacific's Injury/Illness Record - 02/10/99 | | |
| 5. | Union Pacific Accident/Incident Reporting System Grade Crossing Summary Report for Incident 02/10/99 | | |
| 6. | Union Pacific Accident/Incident Reporting System Grade Crossing Detail Report for Incident 0299SA006 | | |
| 7. | Administrative Message No. 033 from Lata H#21010 | | |
| 8. | Union Pacific Highway Grade Crossing Accident Report - 02/02/99 | | |
| 9. | Instructions | | |
| 10. | D.P.S.Accident Report | | |
| 11. |  Consist | | |
| 12. | Maintenance Record for UP 005816 - 2/12/99 | | |
| 13. | Union Pacific Railroad Houston Timetable #1 | | |
| 14. | 52 Single photographs regarding accident | | |
| 15. | 17 panoramic photographs regarding scene of accident and surrounding area | | |
| 16 | 3 blow up photographs of  vehicle at accident scene | | |
| 17 |  Memorandum from J.C. Flores to Sammy Boykin dated 2-17-99 | | |
| 18. |  Pay expense from Sandy L. Howell dated 3/4/99 - $25.80 | | |
| 19. |  Pay expense from Sandy L. Howell-Claim No. 249138 $8.60 | | |
| 20. |  Pay expense from Sandy L. Howell -$25.80 | | |
| 21. |  Pay expense from Sandy L. Howell  $21.50 | | |
| 22. |  Pay expense from Elissa L. Smith $66.20 | | |
| 23. |  Memorandum from J.C. Flores to Sammy Boykin dated 2/17/99 | | |

| | | | |
|------|------------------------------------------------------------------------|--|--|
| 24 | Locomotive and Event Recorder Evidence/Chain of Custody | | |
| 25. | No Knowledge Accident Statement from Jose L. Infante -3/26/99 | | |
| 26. | Administrative Message No. 050 from Lata HZ91107 | | |
| 27. | Union Pacific Railroad Highway Grade Crossing Accident Report - James E. Bradley | | |
| 28. | Union Pacific Railroad Highway Grade Crossing Accident Report- W. J. Lee, III | | |
| 29. | Union Pacific Railroad Highway Grade Crossing Accident Report S. E. Shaddock | | |
| 30. | Bluecard | | |
| 31. | Union Pacific Railroad Inspection Record | | |
| 32. | Union Pacific Railroad Highway Crossing Protection Inspection Report) | | |
| 33 | Fig 2-1 Cab Arrangement- Controls | | |
| 34. | T101-Track Inquiry | | |
| 35. | Pulse Electronics, Inc. -  Event Recorder; Print out | | |
| 36. | Crew Dispatching Work Record - Employee Report | | |
| 37. | Locomotive and Event Recorder Evidence | | |
| 38. | Dispatchers Record of Movement of Trains Timetable | | |
| 39. | Brownsville Subdivision Correction Version 10/25/98 | | |
| 40. | Deposition of Plaintiff, Manuel Candanoza, Jr. and deposition exhibits | | |
| 41. | Deposition of Trooper Carlos Martinez and deposition exhibits | | |
| 42. | Deposition of Arturo Hernandez Herrera  and deposition exhibits | | |
| 43. | Deposition of Maria Luisa Cantu  and deposition exhibits | | |
| 44. | Deposition of Roberto Garcia  and deposition exhibits | | |
| 45. | Medical records pertaining to Manuel Candanoza, Jr. from Neurosurgical & Associates | | |
| 46. | Medical records of Manuel Candanoza, Jr. from Valley Ear, Nose &Throat, McAllen, TX | | |
| 47. | Medical records of Manuel Candanoza, Jr. from Harlingen Anesthesia Associates | | |
| 48. | Medical records of Manuel Candanoza from Dr. Gale Downey | | |
| 49. | Medical records of Manuel Candanoza from Herman's Optical | | |
| 50. | Medical records of Manuel Candanoza from Valley Radiologists & Associates | | |
| 51. | Transcribed statement of Arturo Hernandez Herrera | | |
| 52. | Transcribed statement of Guadalupe Hernandez | | |
| 53. | Transcribed statement of Maria Luisa Cantu | | |
| 54. | Transcribed statement of Roberto Garcia | | |
| 55. | Transcribed statement of Rolando Ramirez | | |

| 56. | Event Recorder Download | | |
|-----|-------------------------|---|---|
| 57. | Accident Diagram by Union Pacific Claims representative Clem Flores | | |
| 58 | Managers Report of Highway Rail Grade Crossing Accident | | |
| 59. | Machinery Inspection forms  filled out by Terry Hankin | | |
| 60. | KRGV News Videotape | | |
| 61 | Valley Morning Star page A-2 Article 2/05/99 | | |
| 62 | Dispatcher's Record of movement of train | | |
| | | | |

3

# EXHIBIT "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| MANUEL CANDANOZA, JR., Plaintiff | CASE NO. B-01-029 |
|---|---|
| vs. | WITNESS LIST |
| MISSOURI PACIFIC RAILROAD | |
| Judge Hon. Felix Recio | Case Manager: Court Reporter: |
| List of: Defendant  Union Pacific Railroad | Proceeding:  Trial  Date/Jury Selection: March 8, 2002 |

Defendant Missouri Pacific Railroad may call the following witness live, and/or by deposition at trial, unless otherwise indicated:

1.    Manuel Candanoza
      Route 3, Box 189 F
      Harlingen, Texas
      (956) 423-3190
      Plaintiff

2.    Diana Candanoza
      Route 3, Box 189 F
      Harlingen, Texas
      (956) 423-3190
      Plaintiff's wife

Nature of Testimony  Plaintiffs are expected to testify as to the incident made the basis of this lawsuit and injuries received as a result of the incident made the basis of this lawsuit

3.    Rolando Ramirez
      Route 6, Box 90
      San Benito, Texas
      (956) 361-2928
      witness to the accident

4.    Arturo Hernandez Herrera
      4002 Paredes Line
      Brownsville, Texas
      (956) 541-2046
      witness to the accident

5.    Roberto Garcia
      Route 8, Box 314 C
      San Benito, Texas
      No known phone number
      witness to the accident

6.    Maria Luisa Cantu
      Address unknown
      (956) 347-3267
      witness to the accident

7.    Guadalupe Hernandez
      4002 Paredes Line Road
      Brownsville, Texas
      (956) 541-2045
      witness to the accident

8.    DPS Trooper Carlos Martinez
      Id# 5228
      Address unknown
      Phone number unknown
      investigating officer

9.    Sammy Boykin
      Operating Practices
      Union Pacific Railroad Company
      Room 625
      Omaha, Nebraska 68179
      Reviewed speed tape from locomotive involved in accident

10.   J.C. Flores
      Senior Claims Representative
      Union Pacific Railroad Company
      4400 Piedras Drive South, Suite 120
      San Antonio, Texas 78228
      (210) 921-4160
      investigated accident for Union Pacific

2

11.     Dwight Smith
        Signal Maintainer
        Union Pacific Railroad Company
        3521 Wilson Rd
        Harlingen, Texas 78552
        (956) 412-1235
        tested the warning signals following the accident

12.     Walter J. Lee, III.
        25 Isabela Court
        Brownsville, Texas
        (956) 546-3680
        engineer of locomotive involved in collision

13.     James E. Bradley
        1023 S. 24th St.
        Kingsville, Texas
        (512) 516-00023
        brakeman on train involved in collision

14.     Stephen E. Shaddock
        1532 Virginia
        Kingsville, Texas
        (512) 595-0880
        conductor of train involved in collision

15.     Pete Perez
        Track Inspector
        Union Pacific Railroad Company
        2813 Emerald Lake Dr.
        Harlingen, Texas 78550
        (956) 440 1473
        inspected tracks in area of accident following the collision

16.     Richard Loya
        Manager of Train Operations
        Union Pacific Railroad Company
        1210 Lazy Lake
        Harlingen, Texas 78550
        (956) 428-4262
        informed of collision following accident

17.   Terry D. Hankin
      Union Pacific Railroad Company
      825 N. Commerce St.
      Harlingen, Texas  78550
      (956) 423-6338
      inspected locomotive following collision

The following individuals have expert knowledge, and/or specific or actual knowledge of the incident made the basis of this incident.

18.   Brian Heikkila
      Rail Sciences, Inc.
      3 North Clarendon Avenue
      Atlanta, Georgia 30002-1151
      404-294-5300

Mr. Heikkila may testify regarding facts and/or liability issues, including but not limited to the actions of the train crew involved in this incident, the stopping and braking distance of the train involved in this incident, the railroad equipment involved in this incident, the general safety of the area where the incident occurred, railroad policies and procedures and other relevant issues.  The subject matter on which Mr. Heikkila may testify may change or be altered, as discovery progresses.

19.   Forrest Ballinger
      GE Harris Harmon Railway Technology
      31003 E. Argo Rd.
      Grain Valley, Missouri  64029
      (800) 990-6245

Mr. Ballinger may testify regarding  facts and/or liability issues, including but not limited to his inspection of the signals and warning devices present at the location  of the incident made the basis of this lawsuit, his inspection of the crossing,  (including sight triangle and visibility issues), signal lights and bells, signal circuitry, and general issues concerning signal maintenance and signal operation. The subject matter on which Mr. Ballinger may testify may change or be altered as discovery progresses.

20.   Walter S. Reed, Ph.D., P.E.
      Reed Engineering
      8610 R.R. 620N., Bldg. A

Austin, Texas 78726

Mr. Reed will provide testimony on the incident made the basis of this lawsuit including but not limited to, testimony regarding vehicular kinematics, vehicular dynamics, visibility/conspicuity associated with the collision between the train and the vehicle in question, and actions and/or omissions of the principal participants in the incident in question.

The above listed witnesses may also rebut opinions of Plaintiff's expert witnesses, if any.

Even though the following employees are not retained as experts as recognized by the Federal Rules of Civil Procedure, they have more knowledge than the average layperson in certain areas, such as train handling and train braking and signal maintenance. To the extent that their knowledge may be considered expertise, Defendant reserves the right to submit their testimony in these limited areas. These witnesses may also rebut opinions of Plaintiff's expert witnesses, if any.

21.     Dwight Smith
        3521 Wilson Rd.
        Harlingen, Texas 78552
        (956) 412-1235
        Signal Maintainer

Mr. Smith may testify regarding his knowledge of the signal/warning system at the location of the collision. This testimony may include, but is not limited to, Mr. Smith's knowledge of the diagnostic tests he performed on the signals at the accident site following the collision.

22.     Walter S. Lee
        25 Isabela Court
        Brownsville, Texas
        (956)546-3680
Defendant's engineer on the train in question.

23.     Stephen Shaddock
        1532 Virginia
        Kingsville, Texas
        (512) 595-0880
Defendant's conductor on the train in question.

Defendant has not retained but reserves the right to call and solicit opinions which require specialized knowledge or training from the following third party witnesses without necessarily agreeing with or vouching for any or all opinions which the person may have.

24.    Carlos Martinez
       DPS Trooper, Id# 5228
       Address unknown
       Phone number unknown
       investigating officer


If other witnesses to be called at the trial become known, their names and addresses and subject of their testimony will be reported to opposing counsel in writing as soon as they are known, this does not apply to rebuttal or impeachment witnesses.

# EXHIBIT "C"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MANUEL CANDANOZA                    *
                                    *
VS.                                 *        CIVIL ACTION NO.   B-01-029
                                    *
MISSOURI PACIFIC RAILROAD           *
COMPANY                             *

## DEFENDANT'S PROPOSED JURY CHARGE

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Union Pacific Railroad Company (hereinafter referred to as "Defendant" or "Union Pacific") improperly named as MISSOURI PACIFIC RAILROAD COMPANY in Plaintiff's Original Petition submits the following proposed jury charge, which is attached as Exhibit "1." Defendant reserves the right to request additional instructions and/or questions as may be required by the evidence developed at trial.

I.

Defendant makes this Proposed Charge of the Court based upon its best determination of Plaintiff's pleadings to date, and based upon its understanding that by its request for a proposed jury charge as a part of its Pre-Trial Order, this Court is requesting that Defendant submit proposed wording for each issue which they believe Plaintiff will attempt to submit herein in substantially correct form under Texas law. Defendant does not agree or concede that Plaintiff will be entitled to submit any of the issues set out below under the law or the facts of the case. Defendant further does not, by submission of this proposed Charge, concede any wording to be submitted by Plaintiff on any issue not previously submitted by them, and reserves the right to object and/or tender wording in substantially

Defendant's Proposed Jury Charge                                    Page 1

correct form as to any new issue which Plaintiff may submit hereafter or which first comes to the attention of Defendant later.

Respectfully submitted by,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren Street
Post Office Box 2155
Brownsville, Texas 78520
Telephone No. (956) 542-7441
Facsimile No. (956) 541-2170

By: _____

Jaime A. Saenz
Attorney-in-Charge
Federal I.D. No. 7630
State Bar No. 17514859
R. Patrick Rodriguez
Federal I.D. No. 22949
State Bar No. 24002861

**ATTORNEYS FOR DEFENDANT,
UNION PACIFIC RAILROAD
COMPANY**

Defendant's Proposed Jury Charge                                    Page 2

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing was served upon counsel of record, to-wit:

Douglas M. McMaster
State Bar No. 137860
Post Office Box 531766
Harlingen, Texas 78553
(956) 440-8080

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission, pursuant to the Federal Rules of Civil Procedure, on this the 25th day of February, 2002.

R. Patrick Rodriguez

Defendant's Proposed Jury Charge                                    Page 3

## EXHIBIT "1"

### PROPOSED CHARGE

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do

something, that was different from the testimony the witness gave before you during the trial.

[Source: Fifth Circuit Pattern Jury Instructions, 3.1 (West 1999)]

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence – such as testimony of an eyewitness. The other is indirect or circumstantial evidence – the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness' testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned these witnesses under oath. A court reporter was present and recorded the testimony. The questions and answers were shown to you. This deposition testimony is entitled to the same consideration and is to be

Defendant's Proposed Jury Charge                                      Page 5

judged by you as to credibility and weighed and otherwise considered by you insofar as possible in the same way as if the witness had been present and had testified from the witness stand in court.

[Sources: Fifth Circuit Pattern Jury Instructions, 2.23 (West 1999)]

Do not let bias or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

[Sources: Fifth Circuit Pattern Jury Instructions, 2.13 (West 1999)]

In weighing the credibility of a witness, you may consider the fact that he or she has previously been convicted of a felony a crime involving dishonesty or false statement. Such a conviction does not necessarily destroy the witness' credibility, but it is one of the circumstances you may take into account in determining the weight to give his or her testimony.

[Sources: Fifth Circuit Pattern Jury Instructions, 2.17 (West 1999)]

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged,

unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

[Source: Fifth Circuit Pattern Jury Instructions, 3.1 (West 1999)]

## QUESTION NO. 1:

Did the negligence, if any, of those named below proximately cause the occurrence in question?

"Negligence" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances. [T.P.J.C. 2.1]

"Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances. [T.P.J.C. 2.1]

The law forbids stopping or standing a vehicle on a railroad track.

The law requires an operator of a vehicle who approaches a railroad grade crossing to stop not closer than fifteen feet from the nearest rail of the crossing if:

(1) an approaching railroad train is plainly visible to the operator and is in hazardous proximity to the crossing; or

(2) a clearly visible railroad signal warns of the approach of a railroad train; or

(3) a railroad engine approaching within approximately 1,500 feet of the highway crossing emits a signal audible from that distance and the engine is an immediate hazard because of its speed or proximity to the crossing.

A failure to comply with any of these laws, if applicable, is negligence in itself. [TEX. TRANSP. CODE ANN. §545.251]

"Proximate cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event,

Defendant's Proposed Jury Charge

Page 8

or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event. [T.P.J.C. 2.4]

An occurrence may be an "unavoidable accident", that is, an event not proximately caused by the negligence of any party to it. (PJC 3.4).

Answer "Yes" or "No" for each of the following:

  a.  Manuel Candanoza     _____

  b.  Union Pacific Railroad Company  _____

Answer the following questions if and only if you have answered "Yes" to any part of Question No. 1.

If, in answer to Question Number 1, you found that the negligence of more than one of those named below proximately caused the occurrence, then answer Question No. 2. Otherwise, do not answer Question No. 2.

QUESTION NO. 2:

What percentage of the negligence that caused the occurrence do you find to be attributable to each of those found by you, in your answer to Question No. 1, to have been negligent?

The percentages you find must total 100%. The percentages must be expressed in whole numbers. The percentage of negligence attributable to those named below is not necessarily measured by the number of acts or omissions found.  The percentage attributable to any one need not be the same percentage attributed to that one in answering another  question.

| | | |
|---|---|---|
| a. | Manuel Candanoza | _____ |
| b. | Union Pacific Railroad Company | _____ |
| | TOTAL | 100% |

Authority: [T.P.J.C. 4.3]

Defendant's Proposed Jury Charge                                                  Page 10

## QUESTION NO. 3:

What sum of money, if paid now in cash, would fairly and reasonably compensate Manuel Candanoza  for his injuries, if any, that resulted from the accident in question?

Consider the elements of damages listed below and none other.  Consider each element separately.  Do not include damages for one element in any other element. Do not include interest on any amount of damages you find.

Element a.    Physical pain and mental anguish.

Element b.    Physical impairment.

Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Manuel Candanoza.

Answer in dollars and cents for damages, if any, that –
were sustained in the past;          Answer:_____

in reasonable probability will
be sustained in the future.          Answer: _____

Authority: [T.P.J.C. 8.2]

Defendant's Proposed Jury Charge                              Page 11

After you retire to the jury room, you will select your own presiding juror. The first thing the presiding juror will do is to have this complete charge read aloud and then you will deliberate upon your answers to the questions asked.

It is the duty of the presiding juror –

1.      to preside during your deliberations,

2.      to see that your deliberations are conducted in an orderly manner and in accordance with the instructions in this charge,

3.      to write out and hand to the bailiff any communications concerning the case that you desire to have delivered to the judge,

4.      to vote on the questions,

5.      to write your answers to the questions in the spaces provided, and

6.      to certify to your verdict in the space provided for the presiding juror's signature or to obtain the signature of all the jurors who agree with the verdict if the verdict is less than unanimous.

You should not discuss the case with anyone, not even with other members of the jury, unless all of you are present and assembled in the jury room. Should anyone attempt to talk to you about the case before the verdict is returned, whether at the courthouse, at your home, or elsewhere, please inform the judge of this fact.

When you have answered all the questions you are required to answer under the instructions of the judge and your presiding juror has placed your answers in the spaces provided and signed the verdict as presiding juror or obtained the signatures, you will inform the bailiff at the door of the jury room that

you have reached a reached a verdict, and then you will return into court with your

verdict.

_____

UNITED  STATES MAGISTRIATE JUDGE

Certificate

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return same into court as our verdict.

(To be signed by the presiding juror if unanimous.)


_____

PRESIDING JUROR


(To be signed by those rendering the
verdict if not unanimous.)


_____      _____

_____      _____

_____      _____

_____      _____

_____      _____

_____      _____


Defendant's Proposed Jury Charge                                    Page 14

# EXHIBIT "D"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MANUEL CANDANOZA | * | |
| | * | |
| VS. | * | **CIVIL ACTION NO.  B-01-029** |
| | * | |
| MISSOURI PACIFIC RAILROAD | * | |
| COMPANY | * | |

## DEFENDANTS' PROPOSED VOIR DIRE QUESTIONS

COME NOW, UNION PACIFIC RAILROAD COMPANY (hereinafter referred to as "Defendant" or "Union Pacific") improperly named as MISSOURI PACIFIC RAILROAD COMPANY in Plaintiff's Original Petition, Defendant in the above-styled and numbered cause and, pursuant to this Court's Docket Control Order and the Federal Rules of Civil Procedure, make the following Proposed Voir Dire Questions:

1.    Does anyone hear know the Plaintiff's attorney, Mr. Douglas M. McMaster?

2.    Does anyone think that because one party is made of individuals and the other is a company that they should not be treated or looked at as the same?

3.    One of the instructions the Court is going to give you in this trial is that you can not let bias, prejudice, or sympathy play any part in your deliberations? Does anyone feel that they have a problem with this concept?

4.    Has anyone filed a claim as a result of a motor vehicle accident?

5.    Who has been involved in or filed a personal injury lawsuit?

---

6.    Who knows or is familiar with the incident in question?

7.    Does anyone hear know the Plaintiff?

8.    Has anyone here been in a railroad accident?

9.    Has anyone here had a relative or close friend involved in a railroad accident?

10.   Does anyone have any particular feelings against railroad companies that would impede you from being fair and impartial?

11.   Does anyone feel that they are more likely to believe local plaintiffs than the out-of-state Defendant?

12.   Does anyone think they will have trouble judging the evidence because one party does not present live witnesses?  In other words does anyone think that they will not be able to give credence to the evidence if it is not presented by a live witness?

13.   Is there anyone who now works and/or has ever worked for a railroad company?

14.   Is anyone here a Union member?

Respectfully submitted by,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren Street
Post Office Box 2155
Brownsville, Texas 78520
Telephone No. (956) 542-7441
Facsimile No. (956) 541-2170

By: _Jaime A. Saenz / pending Report_

Jaime A. Saenz

---

Attorney-in-Charge
Federal I.D. No. 7630
State Bar No. 17514859
R. Patrick Rodriguez
Federal I.D. No. 22949
State Bar No. 24002861

**ATTORNEYS FOR DEFENDANT , UNION
PACIFIC RAILROAD COMPANY**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing was served upon counsel of record, to-wit:

Douglas M. McMaster
State Bar No. 137860
Post Office Box 531766
Harlingen, Texas 78553
(956) 440-8080

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission, pursuant to the Federal Rules of Civil Procedure, on this the 25th day of <u>February</u>, 2002.

R. Patrick Rodriguez