*16*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 2 5 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MANUEL CANDANOZA | * | |
| | * | |
| VS. | * | CIVIL ACTION NO. B-01-029 |
| | * | |
| MISSOURI PACIFIC RAILROAD | * | |
| COMPANY | * | |

### DEFENDANT UNION PACIFIC RAILROAD COMPANY'S
### MOTION FOR PARTIAL SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, UNION PACIFIC RAILROAD COMPANY, Defendant (hereinafter referred to as "Defendant" or "Union Pacific") improperly named as MISSOURI PACIFIC RAILROAD COMPANY in Plaintiff's Original Petition, and files this its Motion for Partial Summary Judgment, and in support thereof would show respectfully show unto the Court as follows:

### I.

### UNDISPUTED FACTS

This lawsuit arises out of an automobile-train accident that occurred on February 2, 1992, southeast of San Benito, Texas. At the time of the accident, Plaintiff Manuel Candanoza (hereinafter "Plaintiff" or "Mr. Candanoza" drove a 1985 Toyota Corolla onto the railroad crossing located at the intersection of Farm to Market Road 732 ("F.M. 732") and Union Pacific's tracks. Because Mr. Candanoza failed to heed the warnings of the oncoming train, his vehicle collided with Union Pacific's locomotive.

Just prior to the accident, Mr. Candanoza was driving his pick-up truck north on F.M. 732. It is undisputed that the train in question was travelling at approximately 47 mph prior to the collision. The warning devices at D.O.T. crossing No. 432665N (the crossing in question) that were facing Mr. Candanoza at the time of the accident consisted of the following: one set of (two) mast-mounted red flashing lights and cross-bucks south of the crossing and east of F.M. 732; and two sets of (two) mast-mounted red flashing lights and cross-bucks north of the crossing, one set to the west of F.M. 732, and one set east of F.M. 732.

## II.
## ALLEGATIONS

In his Original Petition, Plaintiff alleges, among other things, that Union Pacific was negligent because the warning devices at the crossing in question were inadequate and because Defendant failed to maintain speed. See Plaintiff's Original Petition, at 2. Specifically, Mr. Candanoza asserts that Union Pacific was negligent because it:

"failed to warn Plaintiff of oncoming train, failed to provide proper safety equipment at the crossing in question, failed to provide alternative safety measures on the date in question while knowing that the crossing did not possess proper safety equipment . . .failed to maintain speed . . . ." Id.

In light of Supreme Court case law, Union Pacific respectfully requests that the Court grant summary judgement as to these allegations on the grounds that these specific tort allegations are federally preempted.

## III.
## UNION PACIFIC IS ENTITLED TO PARTIAL
## SUMMARY JUDGMENT AS MATTER OF LAW

Plaintiff must prove the existence and violation of a duty owed to him by Union Pacific to establish liability in tort. The existence of a legal duty is a question of law for the court. Mitchell v. Missouri-Kansas-Texas Railroad Co., 786 S.W.2d 659 (Tex. 1990).

The law in Texas is that a railroad company must provide a crossbuck at all public grade crossings. Tex. Rev. Civ. Stat. Ann. art 6350 (Vernon 1925). However, any duty on the railroads to provide automatic or mechanical warning devices at railroad crossings has been preempted and overruled by Federal/State legislation and regulation. The legal responsibility to determine the need for and selection of devices at grade crossings has now been placed with the public agency with jurisdictional authority over the crossing -- not the railroads. See Texas Manual on Uniform Traffic Devices for Streets and Highways. Sec. 8 A-1 and 8D-1.

Since the crossing in question is located in Cameron County, Texas, Cameron County and the Texas Department of Transportation are the public agencies with jurisdictional authority over this crossing. Accordingly, the State of Texas, through its State agency, has indexed all railroad crossings in the State of Texas and prioritized them for signalization or signalization upgrading. The State of Texas, therefore, through its State agency, has made the determination of the need for and selection of crossing protection at the crossing in question.

Additionally, the FRA sets speed limits for trains based on various criteria pertaining to the specific location, which preclude additional state regulation of the sort sought by Plaintiff in this lawsuits. See 49 C.F. R. § 213.9(a).

Consequently, no issue of material fact exists as to Defendant's negligence regarding the adequacy of the signal system in place at the time for the incident, the failure to install automatic gates, mechanical warning devices or other warnings, or as to the allegation that the train was being operated at an excess

speed. Defendant is therefore entitled to Partial Summary Judgment as a matter of law on these issues.

## A.
### Pursuant to Recent Supreme Court Case Law, Plaintiff's Claims of Inadequate Warning Devices are Preempted by Federal Regulation

In a case decided on April 17, 2000, the United States Supreme Court held that a plaintiff's common law tort claim in a railroad crossing accident alleging a railroad's failure to maintain adequate warning devices at a crossing was preempted by the Federal Railroad Safety Act of 1970[1](FRSA) because federal funds participated in the device's installation. See Norfolk Southern Ry. Co. v. Shanklin, 120 S.Ct. 1467, 1477 (2000). As in the present case, the plaintiff in Shanklin, asserted that the defendant railroad was negligent for failing to maintain adequate warning devices at the crossing where the accident occurred. Id., at 1472. The trial court found that the plaintiff's claims were not preempted, and the Court of Appeals for the Sixth Circuit upheld the trial court's findings. Id., at 1473. In reversing both lower courts' decisions, the Supreme Court held that the plaintiff's state law tort claims concerning the adequacy of the warnings at the crossing were preempted by the FRSA via the regulations promulgated by the Secretary of the Transportation through the Federal Highway Administration (FHWA). Id., at 1471.

Specifically, the Court found that the regulations in 23 C. F. R. §§646.214 (b)(3) and (4) address the adequacy of the warning devices installed under the

---

[1] 45 U.S.C. §421-447 (1988 ed. and Supp. II)

Federal Railway-Highway Crossing Program[2] (Crossing Program). Id. The Crossing Program makes available to States funds for "cost of construction of projects for the elimination of hazards of railway-highway crossings." Id. (citing 23 U.S.C. § 130). The Court explained that if federal funds participate in a crossing improvement project, the regulations at §§646.214 (b)(3) and (4) determine the type of warning device that is "adequate" under federal law. Id., at 1474. Therefore, the Court concluded that "once the FHWA has funded the crossing improvement and the warning devices are actually installed and operating, the regulation 'displace[s] state and private decision making authority by establishing a federal-law requirement that certain protective devices be installed or federal approval obtained.'" Id. (citing CSX Transportation, Inc. vs. Easterwood, 507 U.S. 658, 670, 113 S.Ct 1732, 123 L. Ed. 2d 387 (1993)). In sum, the Supreme Court in Shanklin held that participation of federal funding in the installation of warning devices, is, in itself, sufficient to establish preemption.

To a large extent, the Shanklin decision simply reaffirmed the core holding from the 1993 Supreme Court decision in CSX Transportation, Inc. vs. Easterwood 507 U.S. 658, 113 S.Ct 1732, 123 L. Ed. 2d 387 (1993). In Easterwood the Supreme Court sought to determine the extent to which the Federal Railroad Safety Act of 1970 (FRSA), 45 U.S.C. §421-447 (1988 ed. and Supp. II), pre-empts state law negligence claims for failure to maintain adequate warning devices at crossings and for operating trains at excessive speeds.

According to 45 U.S.C. § 434, applicable federal regulations may pre-empt any state "law, rule, regulation, order, or standard relating to railroad safety."

---

[2] See 23 U.S.C. § 130

"Legal duties imposed on railroads by the common law fall within the scope of these broad phrases." <u>Easterwood</u> at 1737. The Supreme Court further stated that anytime funds were used in the installation of warning devices on railroad projects, the Secretary's regulations cover the subject matter of state law which seeks to impose an independent duty on a railroad to identify and/or repair dangerous crossings. <u>Id.</u> at 1741. In short, when there is an "actual authorized expenditure of federal funds in the installation or placement of safety devices at the particular crossing", federal law pre-empts state tort law. <u>Hester v. CSX Transportation</u>, 61 F.3d 382, 386 (5th Cir. 1995).

**B.**
**Plaintiff has failed to proffer any evidence that raises a material dispute of fact regarding the use of Federal Funds at the F.M. 732 Crossing**

As noted above, the crossing in question was protected by cross-bucks and several sets of mast-mounted red flashing warning lights. Plaintiff has failed to adduce any evidence that raises a material dispute of fact regarding whether federal funds were used to install said warning devices. Absent any such evidence, Plaintiff's common law negligence claims regarding the adequacy of the warning devices at the crossing in question are preempted.

Based upon the Supreme Court's holdings in <u>Shanklin</u> and <u>Easterwood</u>, and absent any competent summary judgment evidence indicating a material dispute of fact regarding the use of federal funds in connection with the warnings at the F.M. 732 crossing Plaintiff's negligence claims against Union Pacific regarding the alleged inadequacy of the warning signals and devices at the F.M, 732 crossing are federally preempted. Absent the existence of material dispute of fact on this issue,

Union Pacific is entitled to summary judgment on Daniel Salinas' claim that it was negligent for failing to provide adequate warning and safety devices at the F.M. 732 crossing.

### C.

### Any Common Law Duties With Respect To Train Speed Are Preempted By Federal Law And Regulation

In <u>CSX Transportation,</u> the United States Supreme Court held that federal law pre-empts a common law duty with respect to train speed. <u>Easterwood</u> at 1742. In <u>CSX Transportation,</u> the respondent was attempting to show that even though the train was traveling below the maximum speed for a Class Four track of 60 MPH pursuant to 49 C.F.R. § 213.9 (a), it still breached its common law duty to operate its train at a moderate and safe rate of speed. The Court found that, in addition to establishing ceilings for speed limits, 49 C.F.R. § 213.9(a) also "precludes additional state regulation of the sort which respondent seeks to impose on petitioner." <u>Id.</u> at 1742.

In the present case, Plaintiff has failed to adduce any summary judgment evidence whatsoever that indicates that train in question was exceeding the maximum allowable speed as set by the FRA for the tracks in question. Absent any such credible summary judgment evidence, Plaintiff has failed to raise a material dispute of fact regarding the issue of train speed. Accordingly, any common law negligence claim based on excessive speed is preempted by federal law. <u>See Id</u>.

# IV.
# CONCLUSION

**WHEREFORE, PREMISES CONSIDERED**, Defendant UNION PACIFIC RAILROAD COMPANY respectfully moves this Court to grant its Motion for Partial Summary Judgment on the issues of negligence with respect to the installation and adequacy of the crossing protection in place at the time of the incident made the basis of this lawsuit and as to Plaintiff's claim of excessive speed, and for such other and further relief to which they may show themselves justly entitled to receive.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

By: _____
      Jaime A. Saenz
      State Bar No. 17514859
      Federal ID No. 7630
      Attorney in Charge
      R. Patrick Rodriguez
      State Bar No. 24002861
      Federal ID No. 22949
ATTORNEYS FOR DEFENDANT,
UNION PACIFIC RAILROAD COMPANY

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing was served upon counsel of record, to-wit:

Douglas M. McMaster
State Bar No. 137860
Post Office Box 531766
Harlingen, Texas 78553
(956) 440-8080

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission, pursuant to the Federal Rules of Civil Procedure, on this the 25th day of February, 2002.

_____
R. Patrick Rodriguez

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MANUEL CANDANOZA | * | |
| | * | |
| VS. | * | CIVIL ACTION NO. B-01-029 |
| | * | |
| MISSOURI PACIFIC RAILROAD | * | |
| COMPANY | * | |

## ORDER GRANTING UNION PACIFIC RAILROAD COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT

CAME ON this day Union Pacific Railroad Company's Motion for Partial Summary Judgment, and the Court, after having reviewed the parties' submission and the pleadings on file herein, is of the opinion that the same should in all respects be GRANTED.

IT IS, THEREFORE, ORDERED that Plaintiff's claims against Union Pacific Railroad Company regarding the alleged inadequacy of the crossing protection at the F.M. 732 crossing, claims against Union Pacific Railroad Company alleging a failure to install automatic gates, barricades and/or mechanical warning devices, and claims based on allegations of excessive or improper speed are pre-empted by federal law.

_____
JUDGE PRESIDING