

United States District Court
Southern District of Texas
FILED

FEB 2 5 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MANUEL CANDANOZA | * | |
| | * | |
| VS. | * | CIVIL ACTION NO. B-01-029 |
| | * | |
| MISSOURI PACIFIC RAILROAD COMPANY | * | |
| | * | |

### DEFENDANT'S MOTION IN LIMINE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, UNION PACIFIC RAILROAD COMPANY(hereinafter referred to as "Defendant" or "Union Pacific") improperly named as MISSOURI PACIFIC RAILROAD COMPANY in Plaintiff's Original Petition, Defendant in the above-entitled and numbered cause, and before a jury has been selected, and before any evidence has been presented, hereby makes and files this its Motion in Limine, and requests the Court to instruct counsel for all parties in this cause not to refer or offer any evidence or make any comments, directly or indirectly, or by insinuation, concerning any of the matters set forth herein, without first approaching the bench and obtaining a ruling of the Court, outside the presence and hearing of all jurors, regarding any alleged basis of admissibility of such matters. In this connection, Defendant would show the Court that the matters set forth herein are not admissible for any purpose, and upon proper and timely objection would be excluded from the consideration of the jury. Permitting offer of evidence, interrogation of witnesses, references or comments to jurors or prospective jurors concerning these matters would prejudice the jury, and sustaining objections to such

references, questions, comments, or offers would not cure such prejudice; but rather, would reinforce the impact of such prejudicial matters on the jurors. It is further requested that counsel for all the parties be instructed to apprise his client or their representatives and each of his witnesses of the contents of this motion, to the end that such motion not be violated by parties or witnesses. The matters which are the subject of this Motion in Limine are as follows:

    1.    That the jury is the "conscience of the community" or other pleas intended to evoke a sense of community loyalty, duty and expectation on the part of the jury. <u>Westbrook v. General Tire & Rubber Company</u>, 754 F. 2d 1233 (5th Cir. 1905); <u>Prudential Fire Ins. Co. v. United Gas Corp.</u>, 199 S.W.2d 767 (Tex. 1946).

    2.    That Plaintiff and his attorney refrain from personal attacks upon the truthfulness of Defendant's counsel. <u>Texas Employers Insurance Association v. Jones</u>, 361 S.W.2d 725 (Tex.Ct.App. -- Waco 1962, writ ref'd n.r.e.).

    3.    That no witness or opposing counsel make reference to any statement of any venireman after the close of voir dire. <u>Traders and General Insurance Co. v. Derrett</u>, 340 S.W.2d 305 (Tex.Ct.App. -- Beaumont 1960, writ ref'd n.r.e.).

    4.    That no witness or opposing counsel refer to, allude to or make demands or requests for matters found or contained in the Defendant's file or the file of Defendant's attorney, including, but not limited to, statements, pleadings, photographs or other documents or tangible things.

    5.    That Plaintiff or his counsel make no reference to, or mention of, or use in any form, a Golden Rule argument. <u>Southwestern Greyhound Lines, Inc. v. Dickerson</u>, 236 S.W.2d 115 (Tex. 1951); <u>Loose v. Offshore Navigation Inc.</u>, 670 F.2d 493 (5th Cir. 1982).

    6.    Any questioning of the jury panel as to whether or not they, or any member of their family, friends or associates are employed by any insurance company. Such questions tend to emphasize or suggest to the jury panel that Defendant Union Pacific Railroad is insured. <u>A.J. Miller Trucking Co. v. Wood</u>, 474 S.W.2d 763 (Tex.Ct.App. -- Tyler, 1971, writ ref'd n.r.e.); <u>Johnson v. Reed</u>, 464 S.W.2d 689 (Tex.Ct.App. -- Dallas 1971, writ ref'd n.r.e.).

    7.    Any reference to the financial worth of Union Pacific Railroad Company, or to its annual earnings, its annual profit and loss reports, or anything tending to prove said facts.

8. Any reference in any manner that this motion has been presented to or ruled upon by the Court. In this connection, Defendant requests that Plaintiff's counsel be instructed not to suggest by argument or otherwise that Defendant has sought to exclude from evidence or proof, any matters bearing on the issues in this cause or the rights of the parties to this suit. Texas Employers Insurance Association v. Phillips, 255 S.W.2d 364 (Tex.Ct.App. -- Eastland 1953, writ ref'd n.r.e.); Burdick v. York Oil Co., 364 S.W. 2d 766 (Tex.Ct.App. -- San Antonio 1963, writ ref'd n.r.e.).

9. Any opinion by any lay witness as to the amount of medical expenses incurred by the Plaintiff, and if said medical expenses were reasonable and necessary. Gerland's Food Fair, Inc. v. Hare, 611 S.W.2d 113, 117 (Tex.Civ.App. -- Houston 1980, writ ref'd n.r.e.); American Central Ins. Co. v. Melton, 389 S.W.2d 177 (Tex.Civ.App. -- Dallas, 1965, writ ref'd n.r.e.).

10. Any display of any photographs, films, slides, diagrams, charts, documents or other visual aids without first allowing Defendant's counsel to review the same outside the presence of the jury.

11. Any reference that there has been any settlement discussions between Plaintiffs and Defendant, or their attorneys, or an attempt to settle, compromise, or otherwise resolve this lawsuit.

12. Any hearsay repetition of statements made by any of the Plaintiffs' treating physicians concerning the nature of the injuries, diagnosis and prognosis, or any limitations upon Plaintiffs as a result of his alleged injuries. Tyler Mirror & Glass Company v. Simpkens, 407 S.W.2d 807 (Tex.Ct.App. -- Tyler 1966, writ ref'd n.r.e.); Scott v. Liberty Mutual Insurance Company, 204 S.W.2d 16 (Tex.Ct. App. -- Austin, 1947, writ ref'd n.r.e.).

13. Any reference to the relative wealth or income or difference of the financial ability of the parties, or that Plaintiffs are simply a common person or relatively poor or unfortunate. Twin City Fire Insurance Company v. Gibson, 488 S.W.2d 565 (Tex.Ct.App. -- Amarillo 1972, writ ref'd n.r.e.)

14. Any reference to or attempts to read from any ex parte or written statement where the person making the statement is or has not been cross-examined concerning said statements.

15. That the opposing party and his counsel not mention or state to the jury the probable testimony of a witness who is absent, unavailable or not called to testify in this cause. General Motors Corporation v. Bryant, 582 S.W.2d 521 (Tex.Ct.App. -- Houston [1st Dist.] 1979, writ ref'd n.r.e.).

16.     That the Defendant failed to call a witness who is equally available to all the parties. <u>Dunlap v. G & C Towing, Inc.</u>, 613 F.2d 493 (4th Cir. 1980).

17.     Any evidence, testimony or reference to other accidents, injuries, claims, lawsuits, or notices of other accidents, claims, injuries or lawsuits by any other persons not parties to this suit, whether pending, settled or compromised. Plaintiff is required to demonstrate that any such evidence involves substantially similar claims, and Plaintiff has not yet made such a showing. In addition, any such evidence would be hearsay, irrelevant, confusing and prejudicial to Defendant beyond any probative effect.

18.     Any evidence or statements by any witnesses which would take the form of a legal conclusion such as a statement by a witness that the conduct of the Defendant constitutes negligence.

19.     Any evidence or testimony by any alleged expert if the name of the said expert was not disclosed pursuant to the Federal Rules of Civil Procedure.

21.     Any evidence or testimony involving damages or complaints which were not set out in Plaintiff's pleadings.

22.     Any evidence, testimony or other reference that any part of Plaintiff's recovery will go to his attorneys.

23.     Any reference to the fact that Union Pacific Railroad Company may be self insured, or that it may have liability insurance covering in whole or in part the incident made the basis of this lawsuit. Defendant further request that the Court instruct the Plaintiff, his attorney and witnesses to make no mention of the fact that investigation or preparation of this matter has been performed or conducted by or on behalf of Defendant. <u>Southern Pacific Transp. Co. v. Peralez</u>, 546 S.W.2d 88 (Tex. Ct. App. -- Corpus Christi 1976, writ ref'd n.r.e.).

24.     Any reference to the fact that Defendant conducted an investigation of the incident giving rise to this lawsuit and that the Defendant may have obtained statements of witnesses, unless the substance of such statements becomes relevant and admissible.

25.     Introduction of any opinion testimony until the witness in question is duly qualified as an expert in the field about which his testimony relates.

26.     Any evidence, testimony or reference to remedial safety measures, that the Defendant may have taken subsequent to the accident or incident complained of in this cause of action.

27.     Any evidence, testimony or reference to prior accidents involving Union Pacific Railroad Company's crew members working on the train that is the subject of this suit.

28. Any evidence, testimony or reference to prior accidents that may have occurred at any railroad yards or tracks owned or operated by Union Pacific Railroad.

29. Any evidence, testimony or reference to any information contained in the personnel files of Defendant's crew members.

30. Evidence of any prior punitive damages verdicts or judgments against Union Pacific Railroad Company. Such prior results are irrelevant to the issues in this case, and any probative value any such prior results may have is substantially outweighed by prejudice, confusion, and prolongation of this trial.

31. Any questioning of potential jurors during voir dire regarding their ability or inability to award a specific amount of damages, as such questions improperly require the prospective jurors to arrive at opinions or conclusions without first hearing the evidence and do not form a proper basis for the exclusion of potential jurors, and the only proper question to venire persons at this time is whether they could award as little or as much in damages in this case as the evidence might show. *Powers v. Palacios*, 794 S.W.2d 493, 496, (Tex. App. -- Corpus Christi 1990, no writ).

32. Any mention or reference, made in any manner, as to how or in what manner Plaintiffs intend to spend or otherwise distribute proceeds from any judgment or verdict rendered in this case for the reason that such matters are totally irrelevant and immaterial to any issue involved in this case. Fed.R.Evid. 401, 402.

33. Any mention, reference or argument, whether made directly or indirectly, which infers that any Defendant is "greedy;" that Defendant takes advantage of the poor or the unsophisticated; or any other statement, argument, inference or comment which would tend to create or show that there is a conflict between business and consumers; or that Defendant is callous, greedy or overreaching; or any personal attacks on Defendant's counsel, for the reason that any such statements, inferences and arguments are entirely false and untrue and are calculated solely for the purpose of creating prejudice against Defendant, for the purpose of establishing a bias in the minds of the jury against Defendant, or for the purpose of inflaming the emotions of the jury against Defendant and in favor of Plaintiffs. Fed.R.Evid. 401, 402, 403; *Texas Employers Insurance Association v. Jones*, 361 S.W.2d 725 (Tex. Ct. App. -- Waco 1962, writ ref'd n.r.e.).

34. That the attorneys for this Defendant in this lawsuit regularly represent this Defendant, other railroad companys, other defendants, corporations or insurance companies or manufacturers in lawsuits or that they have ever represented this Defendant in other lawsuits, or the number of attorneys who are members of the firms in which Defendant's attorneys practice or the number of attorneys or firms who have appeared on

Defendant's behalf in this case, as the same is irrelevant and prejudicial. Fed.R.Evid. 401, 402, 403.

   **WHEREFORE, PREMISES CONSIDERED**, Defendant prays that their Motion in Limine be in all things granted; that opposing counsel, their witnesses, and parties be ordered and instructed as herein requested; and for such other and further relief to which Defendant may show itself justly entitled to receive.

   Respectfully submitted by,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren Street
Post Office Box 2155
Brownsville, Texas 78520
Telephone No. (956) 542-7441
Facsimile No. (956) 541-2170


By: _Jaime A. Saenz w/pem R PrtR_
  Jaime A. Saenz
  Attorney-in-Charge
  Federal I.D. No. 7630
  State Bar No. 17514859
  R. Patrick Rodriguez
  Federal I.D. No. 22949
  State Bar No. 24002861

**ATTORNEYS FOR DEFENDANT UNION PACIFIC RAILROAD**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing was served upon counsel of record, to-wit:

Douglas M. McMaster
State Bar No. 137860
Post Office Box 531766
Harlingen, Texas 78553
(956) 440-8080

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission, pursuant to the Federal Rules of Civil Procedure, on this the 25th day of February, 2002.

_____
R. Patrick Rodriguez