18

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 0 7 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| MANUEL CANDANOZA | * |
| | * |
| VS. | *  CIVIL ACTION NO. B-01-029 |
| | * |
| MISSOURI PACIFIC RAILROAD | * |
| COMPANY | * |

**AFFIDAVIT OF CURTIS PAUL GLASS AND MEMORANDUM IN
SUPPORT OF DEFENDANT UNION PACIFIC RAILROAD COMPANY'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, UNION PACIFIC RAILROAD COMPANY, Defendant (hereinafter referred to as "Defendant" or "Union Pacific") improperly named as MISSOURI PACIFIC RAILROAD COMPANY in Plaintiff's Original Petition, and files this Affidavit of Curtis Paul Glass and Memorandum in Support of its Motion for Partial Summary Judgment, and in support thereof would show respectfully show unto the Court as follows:

**I.
ALLEGATIONS**

In his Original Petition, Plaintiff alleges, among other things, that Union Pacific was negligent because Defendant failed to maintain speed. See Plaintiff's Original Petition, at 2. It is undisputed that the locomotive in question was travelling at approximately 47 mph prior to the collision.

### a.

### Any Common Law Duties With Respect To Train Speed Are Preempted By Federal Law And Regulation

As stated in its motion for partial summary judgment, in CSX Transportation, the United States Supreme Court held that federal law pre-empts a common law duty with respect to train speed. Easterwood at 1742. In CSX Transportation, the respondent was attempting to show that even though the train was traveling below the maximum speed for a Class Four track of 60 MPH pursuant to 49 C.F.R. § 213.9 (a), it still breached its common law duty to operate its train at a moderate and safe rate of speed. The Court found that, in addition to establishing ceilings for speed limits, 49 C.F.R. § 213.9(a) also "precludes additional state regulation of the sort which respondent seeks to impose on petitioner." Id. at 1742.

In his affidavit, Curtis Paul Glass, Union Pacific Railroad Company's Manger of Track Maintenance, stated that the railroad tracks at the FM 732 crossing was Federal Railroad Administration Track Classification Four. See Glass Aff., at 1, attached hereto as Exhibit "A". Mr. Glass further explained that "the allowable operating speed of a freight train on a Class Four track is 60 M.P.H." Id. As stated in the motion for partial summary judgment, it is undisputed that the locomotive in question was travelling at approximately 47 mph prior to the collision.

Given that maximum allowable track speed was 60 mph, and that it is undisputed that the locomotive was travelling well below the 60 mph maximum prior to the collision, Plaintiff has failed to adduce any summary judgment

evidence whatsoever that indicates that train in question was exceeding the maximum allowable speed as set by the FRA for the tracks in question. Absent any such credible summary judgment evidence, Plaintiff has failed to raise a material dispute of fact regarding the issue of train speed. Accordingly, any common law negligence claim based on excessive speed is preempted by federal law.

## II.
## CONCLUSION

**WHEREFORE, PREMISES CONSIDERED**, Defendant UNION PACIFIC RAILROAD COMPANY respectfully moves this Court to grant its Motion for Partial Summary Judgment on the issues of negligence with respect to Plaintiff's claim of excessive speed, and for such other and further relief to which they may show themselves justly entitled to receive.

Respectfully submitted,
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

By: _____
Jaime A. Saenz
State Bar No. 17514859
Federal ID No. 7630
Attorney in Charge
R. Patrick Rodriguez
State Bar No. 24002861
Federal ID No. 22949
ATTORNEYS FOR DEFENDANT,
UNION PACIFIC RAILROAD COMPANY

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing was served upon counsel of record, to-wit:

Douglas M. McMaster
State Bar No. 137860
Post Office Box 531766
Harlingen, Texas 78553
(956) 440-8080

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission, pursuant to the Federal Rules of Civil Procedure, on this the 7th day of <u>March</u>, 2002.

_____
R. Patrick Rodriguez

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MANUEL CANDANOZA | * | |
| | * | |
| VS. | * | CIVIL ACTION NO. B-01-029 |
| | * | |
| MISSOURI PACIFIC RAILROAD | * | |
| COMPANY | * | |

**AFFIDAVIT OF CURTIS PAUL GLASS**

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF NUECES | § |

BEFORE ME, the undersigned authority, personally appeared CURTIS PAUL GLASS who being by me duly sworn, deposes as follows:

1. My name is CURTIS PAUL GLASS. I am currently employed with Union Pacific Railroad as a Manager of Track Maintenance, in Corpus Christ, Texas. I am of sound mind and capable of making this affidavit. I have personal knowledge of the facts stated herein, and they are all true and correct.

2. The Federal Railroad Administration classifies railroad trackage based on the track's roadbed, geometry and structure.

3. On February 2, 1999 the railroad trackage at The FM 732 crossing, DOT No. 432382R near San Benito, Texas was Federal Railroad Administration Track Classification Four.

4. The Federal Railroad Administration has regulated the allowable operating speeds for trains based on the Federal Railroad Administration Track Classification. These regulations are found at 49 C.F.R. §213.9.

5. The allowable operating speed of a freight train on a

Class Four track is 60 M.P.H.

_____
CURTIS PAUL GLASS

SUBSCRIBED AND SWORN TO BEFORE ME, by RICHARD LOYA, on this _5th_ day of _March_, 2002.

_____
Notary Public In and For
THE STATE OF TEXAS

[Notary Seal: NORMA J. ALANIZ, NOTARY PUBLIC, STATE OF TEXAS, EXPIRES 01-15-2005]

Affidavit of Curtis Paul Glass
Defendant's Motion for Partial Summary Judgment
*Candanoza v. UPRR*                                                            Page